UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF: ) ) ) ACK MARINE EQUIPMENT RENTALS, LLC, ) as owner of ACK 185; ACK ) MARINE & GENERAL CONTRACTING, LLC, ) as owner pro hac vice of ACK 185 ) FOR EXONERATION FROM OR LIMITATION ) OF LIABILITY ) ) ) ) | CIVIL ACTION NO. 26-11073-WGY |

YOUNG, D.J.                                             July 30, 2026

**MEMORANDUM AND ORDER**

## I.    INTRODUCTION

The personal representatives of two estates, of Paul A. Ledwell Jr. and Larriston S. Lake ("the Representatives"), bring a joint motion for due appraisement ("Mot."), ECF No. 27, against ACK Marine Equipment Rentals, LLC and ACK Marine & General Contracting, LLC ("ACK").  In admiralty cases invoking the Limitation of Liability Act, 46 U.S.C. § 30523, liability for tort actions can be limited to "the value of the vessel and pending freight."  Id.  The Representatives argue that the value of the "pending freight" in this case should include "the earnings made by ACK 185 on the project."  Mem. Supp. Joint Mot. Representatives Due Appraisement, Increase Interim Stipulation

[1]

Value, Require Proof Insurance ("Mem.") 5, ECF No. 28.  ACK argues that the earnings should not be included in a due appraisement.  Pet'rs' Opp'n Joint Mot. Claimants Due Appraisement, Increase Interim Stipulation Value, Require Proof Insurance ("Opp'n") 3, ECF No. 36.

This issue appears to represent a novel question of law with no exact precedent from the First Circuit or Supreme Court. Following an analysis of the text and intent of the Limitation of Liability Act, as well as adjacent case law, this Court **GRANTS** the motion for due appraisement to include the value of the vessel's earnings.

## II.  PROCEDURAL HISTORY

On February 6, 2026, the Representatives filed a wrongful death action in Suffolk Superior Court.  See John Studley Jr., Esq., Special Personal Representative of the estate of Paul A. Ledwell Jr., and Jamelia Willock, Personal Representative of the estate of Larriston S. Lake v. Charter Contracting Company, LLC, JDC Demo & Abatement, LLC, ACK Marine & General Contracting, LLC, and The Empire Crane Company, LLC, Civil Action No. 2684-cv-00376.[1]  On March 2, 2026, ACK filed a "Petition for

---

[1] This Court stayed any further prosecution of claims or causes of action – pursuant to Federal Rule of Civil Procedure Supplemental Rule F(3).  Restraining Order and Order Issuance Notice Claims Filed, ECF No. 7.  The state court, on April 2, 2026, voluntarily stayed their proceedings during the pendency of this matter.  Joint Mot. Clarification, Ex. A, Stay Order,

Exoneration From or Limitation of Liability" in this Court.  ECF No. 1.  The Court entered an order allowing an Interim Stipulation of Value and Costs in the amount of $1,200,500.  Order, ECF No. 9.  The Representatives filed a Joint Motion for Due Appraisement, Increase in the Interim Stipulation of Value, and to Require Proof of Insurance on April 29, 2026.  ECF No. 27.  ACK filed a memorandum in opposition on May 13, 2026.  ECF No. 36.  The Representatives jointly moved for leave to file a reply to the opposition.  ECF No. 37.  ACK opposed this motion, ECF No. 41, arguing that the issue has already been fully briefed.  The Court granted leave to file a reply, and the Representatives filed their reply on June 2, 2026.  ECF No. 47.

### III. FACTS ALLEGED

The vessel at issue is a barge known as "ACK 185."  ACK was the registered owner of ACK 185 at the time.  Compl. ¶ 4.  A crane was affixed to ACK 185 doing demolition work.  Id. ¶¶ 9-10.  On October 24, 2025, the boom of the crane fell onto an adjacent pier.  Id. ¶ 11.  Two employees of ACK, Paul A. Ledwell Jr. and Larriston S. Lake, were crushed to death by the boom.  Compl. ¶

---

ECF No. 30-1.  The Representatives filed a Motion for Clarification asking this Court to instruct the state court to reopen their proceedings.  Joint Mot. Clarification, ECF No. 30.  This Court denied the motion for clarification on May 20, 2026.  ECF No. 43.

[3]

12.   ACK does not dispute that the incident caused the death of Ledwell and Lake.   Id.



Exhibit A: Photo of the Crane and Barge Post-Incident, ECF No. 1-1.

### IV.   ANALYSIS

The Representatives argue that ACK has failed to comply with the requirements of Rule F(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims and 46 U.S.C. § 30529(c) by failing to include in their liability calculation the value of the crane attached the vessel, as well as the value of the demolition contract in which the crane and vessel were engaged at the time of the accident.   The Court now **GRANTS** the motion for Due Appraisement to include the value of the valuation the vessel's freight pending at the time of the collapse.

[4]

## A. Pleading Standard

The Federal Rules of Civil Procedure do not specify the standard of review for a Motion for Due Appraisement.  Neither party has argued for any particular standard of review.  The facts seem largely undisputed.  The question before the Court, therefore, is a legal one, concerning whether the phrase "freight pending" includes the value of a contract for stationary work.  The First Circuit would review such a question de novo.

> Federal Rule of Civil Procedure F(7) governs this action:
>
> Insufficiency of Fund or Security.  Any claimant may by motion demand that the funds deposited in court or the security given by the plaintiff be increased on the ground that they are less than the value of the plaintiff's interest in the vessel and pending freight. Thereupon **the court shall cause due appraisement to be made of the value of the plaintiff's interest in the vessel and pending freight;** and if the court finds that the deposit or security is either insufficient or excessive it shall order its increase or reduction.  In like manner any claimant may demand that the deposit or security be increased on the ground that it is insufficient to carry out **the provisions of the statutes** relating to claims in respect of loss of life or bodily injury; and, after notice and hearing, the court may similarly order that the deposit or security be increased or reduced.

Fed. R. Civ. P. F(7) (emphasis added).

## B. The Limitation of Liability Act Includes the Value of the ACK's Demolition Contract

The Limitation of Liability Act, 46 U.S.C. § 30523, requires that when a vessel owner seeks to limit his liability,

[5]

he must deposit "an amount equal to the value of the owner's interest in the vessel and **pending freight**."  46 U.S.C. § 30529(b)(1)(A) (emphasis added).  This dispute is primarily about the meaning of "pending freight" in the context of this statute.  Currently, ACK has deposited $1,200,500 in the registry of this Court, averring that "[t]he fair market value of ACK 185 (the barge) after the incident is $1,200,000, according to the May 1, 2023 Condition and Valuation Survey 1, with no pending freight."  Compl. ¶ 14; Order, ECF No. 9.[2] Following this Court's order allowing the interim stipulation of value and costs, the Representatives filed the instant motion, ECF No. 27.

The Representatives and ACK both agree that the value of the boom crane ought be added to the valuation.  See Mem. 1; Opp'n 2.  The Representatives argue that ACK improperly omitted from their valuation the "the earnings made by ACK 185 on the project" as the "pending freight" required by the statute.  Mem. 5.  ACK argues that the contractual earnings from the demolition project do not constitute "pending freight" and thus need not be included in the calculation.  Opp'n 2.

Neither the plain text of the rule, nor the statute define the term "pending freight."  It is a matter of first impression

---

[2] The figure includes security for costs in the amount of $500, pursuant to Fed. R. Civ. P. Supp. Rule F.

[6]

for this Court to determine whether the value of a contract to complete stationary demolition work is encompassed by the statutory definition of "pending freight." Based on the plain meaning of the term, the legislative history of the Limitation of Liability Act, and adjacent case law, the Court rules that such stationary demolition work is included in the definition of "pending freight."

### 1. Dictionary Definitions

The dictionary definitions of the word "freight" support this Court's conclusion that the value of the contract ought be included in ACK's potential liability. Black's Law Dictionary (10th Ed.) notes in its definition of "freight" that "in its more extensive sense, [freight] is applied to **all rewards or compensation paid for the use of ships**." Id. at 782 (quoting 3 James Kent, Commentaries on American Law *219 (George Comstock ed., 11th ed. 1866)) (emphasis added). Webster's Third New International Dictionary similarly defines "freight" as "the compensation paid . . . for **the use** of all or part of a ship." Id. at 908. Schoenbaum's Admiralty and Maritime Law defines the term "pending freight" as "monies earned by the vessel owner during the voyage." Id. at § 15:7. These definitions do not support ACK's contention that a vessel be "voyaging" in order for the phrase "pending freight" to apply. Black's and Webster's do not mention a "voyage" in their definitions at all.

[7]

Schoenbaum's use of "voyage" also appears descriptive rather than prescriptive.

### 2. Congressional Intent

Congress initially passed the Limitation of Liability Act in 1851 to encourage shipping in America's early years. See H. Barton Williams, Limitation of Liability versus Direct Action Statutes, 8 VANDERBILT L. REV. 815, 819 (1975); Dominic Dewey, Is Limitation of Liability an Illusion? Examining the Numbers and Current Trends of the Limitation Act Today, 23 LOY. MAR. L.J. 59, 62 (2024); Amie L. Medley, Note, A Sea of Confusion: The Shipowner's Limitation of Liability Act as an Independent Basis for Admiralty Jurisdiction, 108 MICH. L. REV. 229, 235 (2009). Congress amended the Act in 1884 to clarify liability among multiple owners to incentivize the American shipbuilding industry. See Medley, 108 MICH. L. REV. at 235. The owner of ACK, in this case, was not engaged in actively shipping goods, nor shipbuilding operations.

### 3. Adjacent Case Law

The Representatives and ACK seem to agree that this Court's analysis of the term ought be guided by the Supreme Court opinion The Main v. Williams, 152 U.S. 122 (1894). See Mem. 4, Opp'n 3. In The Main, the Supreme Court ruled that the term "freight pending," in the Limitation of Liability Act context, included passenger fares paid both at the port of departure and

[8]

pending arrival.  Id. at 131-32.  The Supreme Court also stated that "[t]here is no reason . . . for giving to the word 'freight' a narrow or technical definition."  Id. at 131.  The Supreme Court also favorably quoted an 1801 admiralty case that stated, "the force and true meaning of 'freight' . . . . is applied to **all rewards**, hire, or compensation, **paid for the use of ships**."  Giles v. The Cynthia, 10 F. Cas. 369, 370 (D. Pa. 1801) (No. 5424) (emphasis added).  The Main can thus be read as supporting an expansive interpretation of the term "freight pending."

ACK argues that The Main stands for the proposition that a vessel must be engaged in a "voyage" to include pending freight in a limitation of liability.  Opp'n 2-3.  This is a misreading of The Main, and in any event, irrelevant to the statutory analysis.  In The Main, the vessel was employed to transport passengers on a transatlantic voyage.  The Main, 152 U.S. at 131.  Justice Brown's ruling thus discusses the "earnings of the voyage" as the freight pending because the passenger trade was the ship's reason for sailing.  Id. (emphasis in original). Nowhere in The Main does the Supreme Court state that a vessel must be "voyaging" or transiting in order for the proceeds of the freight pending to be included in the limitation fund. ACK's overly-narrow reading of the statute is at odds with the

[9]

underlying principle of The Main, which liberally construes the Limitation of Liability Act against the vessel owner.

Other courts have nearly uniformly found that various earnings from a ship other than that on a passenger or cargo voyage ought be included in a calculation of liability. In The Carson, 104 F.2d 762, 765 (9th Cir. 1939), cert. denied, the Ninth Circuit determined the proceeds of a dredging contract to be included in a calculation of liability. See also Great Lakes Dredge & Dock Co., LLC v. Puerto Rico Elec. Power Auth., No. CIV. CCB-14-1450, 2015 WL 3796068 *4-5 (D. Md. June 16, 2015) (dredging included in limitation of liability).

In In re Captain Juan, Inc., 607 F. Supp. 3d 118, 127-28 (D. Mass. 2022), Judge Saris relied on Gowen, Inc. v. F/V Quality One, 244 F.3d 64 (1st Cir. 2001) in determining that the value of a scalloping permit ought be included in a shipowner's liability. Judge Saris reasoned that it would be "unjust" for a shipowner to rely on such an asset to secure credit while simultaneously shielding such assets from liability to injured seamen. Id. at 128.

The only outlier from this line of cases comes from the Fifth Circuit. In In re Drill Barge No. 2, 454 F.2d 408 (5th Cir. 1972), the Fifth Circuit found that the proceeds of a subcontract of a stationary drilling vessel need not be included in "freight pending." The majority in this panel found that the

[10]

subcontractor proceeds were differentiable from the traditional use of "freight pending" and "impossible" to calculate. Id. at 412. The concurrence in this case, however, correctly points out that the burden ought lie with the ship owner to parse the amount of subcontractor liability that ought be imputed. See In re Drill Barge No. 2, 454 F.2d at 413 (Godbold, J., specially concurring in part and dissenting in part). Judge Godbold persuasively reasoned:

> It is simply wrong, when a petitioner asserts there is no freight pending, but in fact there is, to deny the claimants any protection of freight pending because they have not established what part of petitioner's gross is allocable thereto. This misconceives the purpose, the operation and the burdens of a limitation proceeding. And, pragmatically, it imposes an awkward, if not unworkable, approach. The petitioner, with the books, records and knowledge, is far more able to allocate its gross than are injured claimants.

This Court follows the Supreme Court, Ninth Circuit, First Circuit, and Judge Saris' reasoning in ruling to include the value of ACK's demolition contract.

## V.  CONCLUSION

The Court **GRANTS** the Motion for Order to File Due Appraisement, ECF No. 27, in full. As a matter of first impression the Court rules that based upon the plain meaning of the statute, Supreme Court precedent, and Congressional intent, the value of the contract for the stationary demolition work is included in the valuation under the Limitation of Liability Act.

[11]

**SO ORDERED.**

William G. Young
WILLIAM G. YOUNG
JUDGE
of the
UNITED STATES[3]

_____

[3] This is how my predecessor, Peleg Sprague (D. Mass. 1841-1865), would sign official documents. Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 48 years.

[12]